**Arthur LIGHTFOOT, Appellant,**

v.

**Cora Lee Lightfoot SOWELL, Appellee.**

No. 6346.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 16, 1953.

Frank Cusack, Dallas, for appellant.

Leland M. Johnson and Henry Wade, Dallas, for appellee.

NORTHCUTT, Justice.

Appellant, Arthur Lightfoot, and appellee, Cora Lee Lightfoot Sowell, were formerly man and wife and to the marriage was born Jean Arthur Lightfoot, the little girl involved in this proceedings. In 1947 this appellee was granted a divorce from Arthur Lightfoot and the care, custody, and control of Jean Arthur Lightfoot was awarded to her mother, appellee herein. After such divorce, appellee married one Raymond Sowell and Arthur Lightfoot has again married. There is no statement of facts in this record but it appears from the record that appellant has brought other suit or suits against the appellee seeking the custody of Jean Arthur because of changed conditions but has never succeeded in his efforts to secure custody of said child.

At the time of the filing of these proceedings there was pending in Denton County, Texas, a suit between these same parties to change the custody of said child but this matter was waived by the parties and all matters submitted to the court in this case. This record further discloses that at different times appellee returned Jean Arthur to Dallas so that she could visit with appellant. There have been two children born to the marriage of Cora Lee Lightfoot Sowell and Raymond Sowell. Mr. and Mrs. Sowell have moved to Nashville, Tennessee, where they own their own home. Just prior to the filing of these proceedings appellee returned to Dallas and brought Jean Arthur to visit with her father, appellant herein. While appellee and Jean Arthur were in Dallas, Texas, appellant filed this suit seeking a restraining order restraining and enjoining appellee from interfering with appellant's temporary care, custody, and control of said minor child, Jean Arthur Lightfoot; and from removing or attempting to remove said child from the state of Texas, and to show cause why appellant should not have the permanent care, custody, and control of said minor, and why such temporary restraining order should not be continued in force as a temporary and permanent injunction and for general relief. The trial court granted a temporary restraining order and set the matter for hearing on February 24, 1953, to show cause why said temporary restraining order should not be continued in force as a temporary injunction.

On February 24, 1953, the judge appointed a Master in Chancery to hear the testimony in the case and to determine all questions of fact and to file a report of his findings together with a recommendation respecting the custody of the minor child here in question. The Master in Chancery made his report and his findings were that the best interests of Jean Arthur Lightfoot would be served by her remaining in the custody of her mother, appellee herein. The trial court entered judgment directing

that custody of Jean Arthur Lightfoot be denied the plaintiff (appellant herein) and that the custody of said child remain in and with the defendant (appellee herein), the natural mother. The temporary restraining order was dissolved and the child ordered remanded to the custody and control of the appellee and from this judgment appellant has perfected this appeal.

■ The appellant presents and urges only one point of error as follows:

"Where the Findings of Fact conclusively show that the home of one parent is equally a proper home to that of the other parent, a Court abuses its discretion in awarding such custody to one residing outside of the jurisdiction of the Court and at such a distance as to effectively deprive the other parent of his unalienable right of visitation."

We are of the opinion that, in the first place, the appellant's assignment is based upon a false premise. We cannot agree that the findings of fact conclusively show that the home of one parent is equally a proper home to that of the other parent. The trial court also found there had been no change of conditions affecting the best interests and welfare of the child since her award to her mother. Since there is no statement of facts filed in this appeal, we must assume that there was sufficient evidence to substantiate the findings of the trial court. The appellant and his wife, appellant's brother and sister-in-law, and appellant's mother all live in the same home and that home is owned by appellant's mother and not appellant. Appellee and her husband, Raymond Sowell, own their own home and residing there with them are Jean Arthur and her half-brother and sister. There is nothing in this record to even indicate that appellee has ever shown any desire to deprive appellant of his right to visit with his child but on the contrary it is shown that she has brought the child to appellant to see although he continues to try to change the custody. In other words, the welfare of the child is the chief consideration in a final divorce proceedings. Fixing the custody of a child is final on the conditions then existing and should not be changed afterwards unless on altered conditions since the decree or all material facts existing at the time of the divorce decree be unknown to the court and then only for the welfare of the child.

■ We heartily approve of the statement made by the Master in Chancery in his recommendations to the trial court where it is stated:

"I find that it would be better for the child to live with her mother, her half-brother, her half-sister and her step-father rather than to live in a home where there are no other children and where she would be living with five adults many years older than herself."

We are of the opinion that the trial court did not abuse its discretion in awarding the child in question to her mother (appellee herein).

Judgment of the trial court is in all things affirmed